JOSEPH MOULTON *vs.* THOMAS N. EGERY.

Piscataquis. Opinion December 28, 1883.

*State treasurer's deed. Description.*

The description of property in a deed of the state treasurer was as follows: "The following described parcel of land so forfeited, situate in the county of Piscataquis, viz: 11607 acres, No. 8, Rg. 9, N. W. P. Elliotsville." *Held,* that the description was not sufficient to pass title to any particular parcel or interest in land.

ON REPORT.

Writ of entry. The plea was the general issue.

At the trial, plaintiff introduced the following deed of the state treasurer and offered what was admitted to be a transcript of the state treasurer's books, so far as they relate to taxes and the payment of taxes in township No. 8, Range 9, N. W. P. Elliotsville.

"To all persons to whom these presents may come.

"I, S. C. Hatch, treasurer of the state of Maine, send greeting.

"Whereas, in obedience to the provisions of c. 6, § 46, of the Revised Statutes, in relation to the collection of taxes in unincorporated places, the said treasurer caused to be published a notice containing a list of all tracts of land lying in unincorporated places which have been forfeited to the state for state taxes, or county taxes, which had been certified according to law to the treasurer of state, together with the amount of such

unpaid taxes, interest and cost on each parcel, and that the same would be sold at the treasury office in Augusta, on the sixth day of September, A. D. 1876, at eleven o'clock A. M. in the state paper, and a paper in the county where said lands are situate, (where any such were published,) three weeks successively before the day of sale, and within three months thereof; and whereas, said list contained the following described parcel of land so forfeited, situate in the county of Piscataquis, viz: 11607 acres, No. 8, Rg. 9, N. W. P. Elliotsville, upon which there was due and payable for taxes, interest and costs, the sum of forty-one forty-three one-hundredths dollars, including its proportion of the state tax for 1874, and the county tax for the same year, certified to the treasurer of state according to law.

"And whereas, on said sixth day of September, 1876, at eleven o'clock A. M. at the treasury office in Augusta, said treasurer did sell the interest of the state in said premises to Joseph Moulton at auction for the sum of forty-one and forty-three one-hundredths dollars, he being the highest bidder therefor, and his bid being a price not less than the full amount due thereon for such unpaid state and county taxes, interest and cost of advertising, as required by law.

"Now, know ye, that I, S. C. Hatch, in my said capacity in consideration of the premises and of the payment of the said sum of forty-one and forty-three one-hundredths dollars, the receipt whereof is hereby acknowledged, do hereby sell and convey to him, the said Joseph Moulton, his heirs and assigns forever, all the interest of the state by virtue of said forfeiture, in and to said premises so sold as aforesaid. To have and to hold the same, with all the privileges thereof to him the said Joseph Moulton, his heirs and assigns forever, subject to all taxes assessed thereon subsequent to the year eighteen hundred and seventy-four, provided, however, that any owner or part owner thereof shall have the right to redeem his proportion of the same at any time within one year, by paying or tendering to the purchaser, or treasurer of state, his proportional part of what the said Joseph Moulton paid for the same, with interest at the rate

of twenty per cent. per annum and the cost of conveyance, as provided in c. 6, § 48, of the Revised Statutes."

Signed, sealed, acknowledged and delivered.

*Henry Farrington*, for the plaintiff, contended that the description in the deed was sufficient because it was the only description the treasurer could make.

An assessment upon a whole township *in solido*, designating the number and range is good. *Adams* v. *Larrabee*, 46 Maine, 516. Each owner, whether in common or not, may pay for his interest in any tract of land and then is entitled to a certificate from the treasurer "discharging the tax upon the number of acres or interest upon which payment is made." R. S., c. 6, § 45. And if not paid the land is forfeited and may be sold.

Now when all the owners do not pay, what can the state treasurer do but sell and give a deed of the number of acres which has been forfeited? That is all the description he can give.

Counsel cited: *Hodgdon* v. *Wight*, 36 Maine, 326; 35 Maine, 40?

*Wilson and Woodward*, for the defendant, cited: *Griffin* v. *Creppin*, 60 Maine, 270; *Adams* v. *Larrabee*, 46 Maine, 516; *Larrabee* v. *Hodgkins*, 58 Maine, 412; *Matthews* v. *Light*, 32 Maine, 305; *Smith* v. *Bodfish*, 27 Maine, 289.

BARROWS, J. The only description of the land which the plaintiff says was forfeited to the state and conveyed by the state treasurer to him in the deed under which he claims title, runs thus: "the following described parcel of land so forfeited, situate in the county of Piscataquis, viz: 11607 acres, No. 8, Rg. 9, N. W. P. Elliotsville." It is not sufficient to pass title to any particular parcel or interest in land, or to enable the plaintiff to maintain his action,— for the reasons given and upon the authorities cited in the following cases: *Griffin* v. *Creppin*, 60 Maine, 270; *Larrabee* v. *Hodgkins*, 58 Maine, 412. Nor is the plaintiff aided by the transcript from the state treasurer's books.

It cannot be ascertained from anything found in that transcript that the land thus imperfectly described in the treasurer's deed

is the same described in the plaintiff's writ and the same formerly owned by R. D. Hill and upon which he paid taxes.

The number of acres specified in the deed differs from that given in the transcript as the number upon which Hill paid taxes, and it is admitted that it is not the number which he actually owned.

It is admitted that the township, if it is sufficiently designated, contains more than 20,000 acres. It nowhere appears whether the 11,607 acres, the forfeiture of which is claimed, was held in common with other owners of the township or in severalty. Nothing is said in *Adams* v. *Larrabee*, 46 Maine, 516, which can be construed as sustaining such a conveyance as this.

In *Hodgdon* v. *Wight*, 36 Maine, 326, mainly relied on by the plaintiff, no question was raised by the respondents as to the sufficiency of the conveyance or the character or identity of the estate claimed to have been forfeited. The attention of the court was specially directed to a different class of questions.

*Plaintiff nonsuit.*